Receipt number 9998-4422737

FILED
Jan 17 2018
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **CB&I/AREVA MOX SERVICES, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   No. __18-80 C_____ |
| | ) |
| **THE UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

CB&I/AREVA MOX Services, LLC ("MOX Services"), pursuant to the Contract Disputes Act ("CDA"), brings this action against Defendant the United States of America, and for its Complaint alleges as follows:

### NATURE OF THE ACTION

1.  MOX Services hereby appeals the December 14, 2017 contracting officer's final decision ("COFD"), which disallowed the costs that MOX Services incurred to develop the 2016 Estimate at Completion ("EAC") required by the Contract (as defined below).  MOX Services seeks a judgment determining the disputed costs to be allowable, and awarding MOX Services such other and further relief to which it is entitled.

### JURISDICTION

2.  This Court has jurisdiction over the subject matter of this Complaint pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), and the CDA.

## THE PARTIES

3.     MOX Services is a South Carolina limited liability company. Its principal place of business is in Aiken County, South Carolina.

4.     Defendant the United States of America, for all purposes relevant hereto, acted by and through the Department of Energy National Nuclear Security Agency (the "Agency"), MOX Project Management Office, located at the Department of Energy's Savannah River Site, Aiken, South Carolina 29802.

## FACTUAL BACKGROUND

**A.     General Background.**

5.     On March 22, 1999, the Agency awarded Contract No. DE-AC02-99CH10888 (the "Contract") for construction of a mixed oxide fuel facility at the Savannah River Site in Aiken, South Carolina. The Contract was originally awarded to Duke, Cogema, Stone & Webster, LLC ("DCSW"). MOX Services is the successor in interest to DCSW.

6.     The Contract is a cost-reimbursement type contract.

**B.     The Estimate at Completion.**

7.     The Contract requires MOX Services to submit an EAC annually. The EAC is to estimate the total funding requirements necessary to complete the Contract.

8.     The Contract provides little guidance as to exactly how the EAC is to be prepared. It requires MOX Services to "accurately consider[] all known information that can affect the cost at completion." And to that end, MOX Services considers past performance and estimates of

future conditions. However, the Contract does not specify any particular supporting detail or substantiating documentation that MOX Services must submit with the EAC. Moreover, the Contract imposes no obligation that MOX Services' EAC address multiple funding levels.

9. In 2015, MOX Services submitted an EAC consisting of 777 pages, all of which were devoted to addressing a single funding level.[1] On April 6, 2016, the Agency unilaterally directed that the 2016 EAC address two different funding profiles. The Agency also accelerated the deadline for submission of the EAC by almost two months.

10. MOX Services acknowledged this direction on April 20, 2016, and submitted its 2016 EAC, addressing both funding profiles as directed by the Agency, on July 14, 2016.

11. Because of the guidance regarding multiple funding levels, MOX Services' 2016 EAC did not contain the same level of detail as previous EACs or the subsequent 2017 EAC. Instead of utilizing a cost estimator, MOX Services relied on spreadsheets for the 2016 EAC. In sum, because the 2016 EAC required analysis of multiple funding levels, it did not contain the same level of analysis that could have been provided if MOX Services had been allowed to focus on a single funding level, as it had in past years.

12. The labor costs incurred to develop the 2016 EAC were included in the invoices submitted to the Agency. The Agency paid those invoices.

---

[1] The same was true for the 2017 EAC, which consisted of over 1,700 pages.

**C.     The Agency's Notice of Intent to Disallow Costs and Final Decision.**

13.    On June 8, 2017, the Agency sent MOX Services a Notice of Intent to Disallow Costs Incurred During Preparation of the Fiscal Year 2016 Comprehensive Estimate at Completion (the "Notice").

14.    The Notice stated that the Agency "found that the EAC submitted by MOX Services did not contain the supporting detail, substantiation, or justification of forecasted costs required to determine compliance with the [C]ontract." The Notice's conclusions were unsupported by any reference to applicable provisions of the Contract, or any other requirement establishing the necessary supporting documentation, substantiation, justification, or level of comprehensiveness regarding forecasted costs in an EAC.

15.    The Notice also informed MOX Services of the Agency's intent to disallow $507,307.00 in labor costs that it calculated to be associated with the preparation and submission of the 2016 EAC (which were previously approved and paid). The Agency calculated the purportedly unallowable amount based on several assumptions. First, it assumed that 20 MOX Services project control personnel, each of whom billed overtime between April and July 2016, also worked on the EAC during their regular time. For each of those individuals, the Agency then calculated an "estimated cost" based on "estimated hours." The "estimated hours" ranged from a low of 37.5 to a high of 571.8. The "estimated hours" exceeded 400 for over one-half of these individuals. The Agency did not explain its calculation of "estimated hours."

16.    In addition to the project controls staff, the Agency assumed that MOX Services' cost account and functional managers also worked on the EAC. The Agency included 10 hours for each of these 66 personnel. The Agency did not explain how it arrived at the 10 hour

4

"estimate," or how it concluded that each of the 66 cost account and functional managers worked on the EAC.

17. On August 7, 2017, MOX Services responded to the Notice.

18. In its response, MOX Services pointed out that the Notice failed to establish a nexus between the allegedly contractually defective EAC and the costs the Agency intended to disallow. MOX Services, therefore, requested that the Notice be withdrawn.

19. On December 14, 2017, the Agency issued its contracting officer's final decision, which disallowed the $507,307.00 of costs. (Attachment A.)

20. The final decision did not address the issues that MOX Services raised regarding the lack of nexus between the alleged deficiency and the costs disallowed.

## COUNT I

## DECLARATORY JUDGMENT AS TO COST ALLOWABILITY

21. MOX Services realleges and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

22. Cost-reimbursement contracts (like the Contract) require the government to reimburse the contractor for allowable, incurred costs of performance. 48 C.F.R. 16.301-1.

23. MOX Services incurred costs related to the development, preparation, and submission of the 2016 EAC, which was required by the Contract.

24. The costs that MOX Services incurred to prepare and deliver the 2016 EAC - - i.e., to perform a requirement of the Contract - - are allowable, and the Agency is obligated to

pay them. The final decision disallowing those costs is contrary to the Contract and controlling law.

## COUNT II

## CONSTRUCTIVE CHANGE

25.     MOX Services realleges and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

26.     As an alternative to Count I, the Agency's direction with respect to the 2016 EAC constitutes a constructive change to the Contract, for which MOX Services is entitled to an equitable adjustment.

27.     In years prior (and in 2017), MOX Services prepared and submitted an EAC predicated on a single funding level. Although labor intensive, the analysis required to complete an EAC predicated on a single funding level is one that can be performed in a logical, reasonable fashion. For that reason, MOX Services' prior, single-funding-level EACs were incredibly detailed.

28.     In contrast, however, the analysis required to prepare an EAC using multiple funding levels is incredibly complex and necessitates a different approach. It was not possible to prepare a single EAC based on multiple funding levels with the degree of detail that MOX Services provided in prior years. It was for that reason that MOX Services' 2016 EAC was prepared with a high-level approach, as opposed to the level of detail previously provided.

29.     By directing MOX Services to estimate completion costs at multiple funding levels, the Agency changed the requirements of the Contract. In order to comply with the

Agency's requirements, MOX Services had to prepare multiple EACs, for multiple funding levels, and then integrate them into a single submission.

30. The work associated with preparation and submission of a single EAC was certainly required by the Contract. But the work required to prepare and integrate what amounts to multiple EACs into a single submission was certainly more than the Contract required. The Agency's direction that MOX Services perform this additional work constitutes a constructive change to the Contract. MOX Services is entitled to retain the monies previously billed for that effort as an equitable adjustment to the Contract.

## PRAYER FOR RELIEF

WHEREFORE, MOX Services requests that this Court:

A. Declare that the costs incurred to prepare and submit the 2016 EAC are allowable and cannot be recouped by the Agency; and

B. Declare that the Agency's disallowance of those costs was improper and contrary to law; or, alternatively

C. Declare that the Agency's direction that the 2016 EAC focus on multiple funding levels constituted a constructive change to the Contract; and

D. Declare that MOX Services is entitled to retain the labor costs previously invoiced and paid as an equitable adjustment, to compensate it for the said constructive change; and

E. Award MOX Services such other and further relief as this Court may deem just and proper.

        Respectfully submitted,

        */s/ W. Brad English*
        W. Brad English
        J. Andrew Watson, III
        Jon D. Levin
        Emily J. Chancey
        MAYNARD, COOPER & GALE, P.C.
        655 Gallatin Street
        Huntsville, Alabama 35801
        benglish@maynardcooper.com
        awatson@maynardcooper.com
        jlevin@maynardcooper.com
        echancey@maynardcooper.com

Dated: January 17, 2018.

# ATTACHMENT A

 

**Department of Energy**
**National Nuclear Security Administration**
**MOX Project Management Office**
**Savannah River Site**
P.O. Box A
Aiken, South Carolina 29802

December 14, 2017

Rex Norton
Vice President, Contracts and Supply Chain Management
CB&I AREVA MOX Services, LLC
Savannah River Site
P.O. Box 7097
Aiken, SC 29804-7097

SUBJECT: Contract DE-AC02-99CH10888 (Mixed Oxide Fuel Fabrication Facility), Contracting Officer Final Decision – Disallowance of Costs Incurred During Preparation of the Fiscal Year 2016 Comprehensive Estimate at Completion

REFERENCES: (1) DCS-DOE-005794, dated August 7, 2017
(2) NA-APM-17-0147, dated June 8, 2017

Dear Mr. Norton:

NNSA has reviewed and carefully considered MOX Services' response at Reference (1). Based on this review, it appears MOX Services misunderstood the purpose of the Reference (2) Notice of Intent to Disallow Costs. In accordance with FAR 31.201-3, "*If an initial review of the facts results in a challenge of a specific cost by the contracting officer or the contracting officer's representative, the burden of proof shall be upon the contractor to establish that such cost is reasonable.*" The purpose of NNSA's Reference (2) letter was to notify MOX Services in accordance with FAR 42.801(c) that the Contracting Officer considered the $507,307.00 in costs paid for the development and review of the FY2016 Comprehensive Estimate at Completion unreasonable since such costs were incurred for a contract deliverable that was not in accordance with the contract terms and was not accepted by the Government.

Reference (2) also provided MOX Services with the opportunity to (i) provide NNSA with the detailed backup information produced by MOX Services to substantiate or otherwise support the EAC figure delivered; or (ii) provide any additional information to support the costs incurred by MOX Services as reasonable. Instead of providing supporting information, MOX Services mistakenly asserted that NNSA (i) had inadequately identified the costs it intended to disallow "by item"; and (ii) inadequately described how the cost items relate to the alleged violation of contract.

In the Reference (2) Notice of Intent to Disallow Costs, NNSA met the requirements of FAR 42.801(c). MOX Services did not provide additional information for NNSA to consider or to

NA-APM-18-0058

R. Norton                                    2                          December 14, 2017

support the reasonableness of the costs incurred during the development of the 2016 comprehensive EAC[1].

In accordance with FAR Subpart 33.2 -- Disputes and Appeals, this matter is considered an issue in dispute.  This letter constitutes the Contracting Officer's Final Decision that a total debt of $507,307.00 is due to the Government in accordance with the contract terms.  Repayment is due in full to NNSA within 30 calendar days of the date of this Final Decision.  In accordance with FAR 32.604, the contractor is notified of the following:

1. The contractor may contact the undersigned if it believes the debt is invalid or the amount is incorrect.

2. If the contractor agrees the debt is valid, remit a check payable to the payment office annotated with the contract number along with a copy of this letter to:

    United States Department of Energy
    Oak Ridge Office
    Oak Ridge Financial Service Center
    200 Administration Road
    Oak Ridge, TN 37830

    Also, please provide the undersigned a copy of the check for the contract file.

3. Any portion of the $507,307.00 not paid within 30 calendar days from the date of this letter will bear interest.  Interest shall be computed from the date of this demand for payment until full repayment by the contractor.  The interest rate is provided in 41 U.S.C. 7109, which is applicable to the period in which the amount becomes due, and then at the rate applicable for each six-month period as established by the Secretary of Treasury until the entire amount is paid.

4. The Government may initiate procedures, in accordance with the applicable statutory and regulatory requirements, to offset the debt against any payments otherwise due the contractor.

5. The amount due is subject to administrative charges in accordance with the requirements of 31 U.S.C. 3717(e) and the Debt Collection Improvement Act of 1996.

6. The contractor may submit a request for installment payments or deferment of collection if immediate payment is not practicable or if the actual amount is disputed.

---

[1] FAR Subpart 42.801(b) requires the Contracting Officer to either withdraw the notice or make a written decision within 60 days of the Contractor's response.  By not responding within the 60 days, arguably a deemed denial has occurred.  Notwithstanding that, this letter serves as the Final Decision of the Contracting Officer.

R. Norton 3 December 14, 2017

Please also note that FAR 32.607-2(a)(2) states, "Actions filed by contractors under the Disputes Clause shall not suspend or delay collection."

This is the Final Decision of the Contracting Officer. MOX Services may appeal this decision to the agency board of contract appeals. If MOX Services decides to appeal, it must, within 90 calendar days from the date it receives this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the undersigned Contracting Officer. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number.

If you have any questions or comments, please contact the undersigned at 803-952-2020.

Sincerely,

Lance Nyman
Lead Administrative Contracting Officer

NA-APM-18-0058

cc:
S. Cannon, NA-APM-1.4
J. McCullough, NA-APM-1.4
S. Hamlett, NA-APM-1.4
A. Rischbieter, NA-APM-1.4
M. Noone, NNSA-SRFO
G. Pyles, NA-APM-10
T. Park, CF-10
D. Del Vecchio, MOX Services
G. Rousseau, MOX Services
R. Ridgeway, MOX Services
K. Saunders, MOX Services
P. Whittingham, MOX Services
R. Ector, MOX Services
MOXPMODCA@srs.gov